# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

    Plaintiff,

v.                                                                             No. 1:18-cv-752 WJ/SMV

ANTHONY ARMIJO, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are three *pro se* motions filed in connection with Plaintiff's Civil Rights Complaint. (Docs. 2-4). Plaintiff is incarcerated at the Bernalillo County Metropolitan Detention Center (MDC). He asks the Court to grant leave to proceed *in forma pauperis*; appoint counsel; and allow him to amend his Complaint. For the reasons below, the Court will allow the amendment but deny all other relief.

## I.    *In Forma Pauperis* Motion

As an initial matter, Plaintiff seeks to prosecute this prisoner civil rights action without prepaying the $400 filing fee. (Doc. 2). *In forma pauperis* relief is unavailable if a plaintiff has, "on 3 or more occasions, while incarcerated … brought an action … that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g). The only exception is where the complaint contains "specific, credible allegations of 'imminent danger.'" *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) (quoting 28 U.S.C. § 1915(g)).

The Court recently imposed Plaintiff's third and final strike after dismissing his complaint

in *Benavidez v. City of Albuquerque, et al.,* 18-cv-356 JCH/KBM. As the Dismissal Order noted, Plaintiff accrued his prior strikes in *Benavidez v. Bigej*, 17-cv-471 LH/KBM (imposing first strike) and *Benavidez v. State of New Mexico, et al.,* 17-cv-759 WJ/LF (imposing second strike). The instant Complaint contains no specific, credible allegations that Plaintiff is in imminent danger. He merely alleges prison guards engaged in "harassing and intimidating behavior" in 2017 after Plaintiff provided legal advice to other inmates. (Doc. 1 at 3-9). Plaintiff is therefore not eligible to proceed *in forma pauperis,* and the Motion (Doc. 2) must be denied. Plaintiff must prepay the $400 filing fee within thirty (30) days of entry of this Order. The failure to timely comply will result in dismissal of this action without prejudice and without further notice.

**II.     Motion to Appoint Counsel**

Plaintiff next asks the Court to appoint counsel to assist in prosecuting this civil rights action. However, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel,* 820 F.3d at 397. Considering these factors, the Court is not convinced that counsel should be appointed at this time. The claims are not particularly complex, it is questionable whether Plaintiff will prevail, and Plaintiff has not demonstrated an inability to prosecute the action. The Motion to Appoint Counsel (Doc. 3) will be denied.

**III.    Motion to Amend Complaint**

In his last motion, Plaintiff seeks permission to amend his Complaint. The motion contains supplemental allegations and attaches filings to support Plaintiff's original Complaint. Fed. R.

Civ. P. 15(a) allows plaintiffs to amend their complaint as a matter of course where, as here, the defendants have not yet been served. The Court will therefore grant the Motion to Amend (Doc. 4) and consider the supplemental allegations and materials attached to that document. Plaintiff is reminded, however, that the Court will not screen the complaint until he prepays the $400 filing fee.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**; and Plaintiff must prepay the $400 civil filing fee within **thirty (30) days of entry of this Order**.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (Doc. 3) is **DENIED**.

**IT IS FINALLY ORDERED** that the Motion to Amend (Doc. 4) is **GRANTED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE